IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

                                :
ERIS MARCHANTE-RIVAS
                                :
     v.                         :   Civil Action No. DKC 10-0063
                                    Criminal No. DKC 05-0393
                                :
UNITED STATES OF AMERICA
                                :

                       **MEMORANDUM OPINION**

     Presently pending and ready for resolution is a motion filed by Petitioner Eris Marchante-Rivas to vacate, set aside, or correct his sentence.  (ECF No. 1464).  The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the motion will be denied.

**I.   Background**

     Petitioner was charged by a multi-count indictment with offenses arising from his participation in a street gang known as La Mara Salvatrucha, or MS-13, including conspiracy to conduct and participate in the activities of a racketeering enterprise, interference with commerce by robbery, and use and carrying a firearm during and in relation to a crime of violence.  He entered into a plea agreement with the government pursuant to Fed.R.Crim.P. 11(c)(1)(C), which provided that he would plead guilty to the conspiracy count, admitting that he

was a conspirator in the activities of the enterprise, including the predicate acts of the first-degree murders of two victims and the attempted murder of a third. The parties stipulated to the guideline factors and agreed that the appropriate sentence was 360 months.

Consistent with the terms of the plea agreement, on January 12, 2009, Petitioner was convicted, upon his guilty plea, of conspiracy to conduct and participate in the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), and sentenced to a term of imprisonment of 360 months to be followed by a five-year term of supervised release.

On January 11, 2010, the clerk received for filing the pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1464). The government was directed to respond and did so on July 27, 2010. (ECF No. 1636).

**II. Standard of Review**

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to

have his arguments reviewed with appropriate consideration.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978).  But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255(b).

**III. Analysis**

Petitioner advances seven claims in his § 2255 petition.  First, he contends that there was an inadequate factual basis for his plea and that he is actually innocent of the crime for which he stands convicted.  Second, he argues that his plea was not knowing, voluntary, and intelligent.  Third, he suggests that he received ineffective assistance of trial counsel.  Fourth, he contends that he was deprived of his statutory right to appeal.  Fifth, he claims that his sentence was procedurally and substantively improper.  Sixth, he challenges the sufficiency of his plea colloquy.  Finally, he argues that he was subjected to successive state and federal prosecutions in violation of the Double Jeopardy Clause.

**A.   The Guilty Plea**

The majority of Petitioner's allegations stem from the assertion that his plea was not knowing, voluntary, and intelligent.  This is so, according to Petitioner, because his trial counsel failed adequately to consult with him prior to the

3

plea and sentencing proceedings, made unspecified inaccurate representations, and failed to conduct proper investigation of certain issues. Moreover, he contends there was an inadequate factual basis for his plea and the plea colloquy was deficient because the court failed to ensure that he had a rational understanding of the proceedings.

These arguments, which are raised in purely conclusory fashion, essentially amount to an attempt by Petitioner to withdraw his guilty plea well after-the-fact. They are, moreover, largely belied by the record, which reflects a satisfactory factual basis for the plea; that the plea colloquy was sufficient; and that Petitioner had ample opportunity to consult with his counsel and was satisfied with his representation.

The procedure by which the court considers and accepts a defendant's guilty plea is set forth in Rule 11 of the Federal Rules of Criminal Procedure. Pursuant to that rule, the defendant may be placed under oath and the court must advise and question him, "personally in open court," confirming his understanding of the litany of rights waived as a result of pleading guilty. Fed.R.Crim.P. 11(b)(1). Before accepting the plea, the court must determine that the plea is "voluntary and did not result from force, threats, or promises (other than

promises in a plea agreement)" and that "there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(2), (3).

The facts to which Petitioner stipulated in the plea agreement state that he was a member of the "TLS clique" of MS-13, having been "jumped in" at some point in 2003. In or around 2005, Petitioner held a leadership position known as "First Word." He acknowledged his involvement in the murders of two rival gang members and the attempted murder of a third. Specifically,

> On October 9, 2005, MARCHANTE-RIVAS attended a meeting of the TLS clique in Prince George's County, Maryland. During that meeting, one of the international leaders of the TLS clique of MS-13 spoke to the gang members by cellular telephone from a jail in El Salvador. After the meeting, MARCHANTE-RIVAS and fellow gang members, including "Mousey" (Victor Ramirez) and "Sombra" (Juan Dominguez), drove to meet a number of gang members from other MS-13 cliques. At the meeting, the gang members in attendance discussed their plans to shoot rival gang members that day. MARCHANTE-RIVAS and "Mousey" drove in Sombra's car to the 5600 block of Quintana Street in Riverdale, Maryland with the intent of killing rival gang members. "Estrano" (from the PVLS clique) and several other gang members also drove to the same location in a separate car. Once they arrived at the location in Riverdale, MARCHANTE-RIVAS, "Mousey," and "Estrano" and other gang members left the vehicles, and approached Jose Cerda, Edward Trujillo, and victim "R.P." Cerda and Trujillo, who were standing in front of a house on Quintana Street, were shot and killed by MS-13 gang members. Victim "R.P." was wounded by a gunshot.

5

At the Rule 11 hearing, Petitioner swore under oath that the stipulated facts were true and agreed that he was, in fact, guilty as charged.[1] The court reviewed the allegations of the conspiracy count, the elements of the offense, the rights Petitioner was waiving by pleading guilty, the maximum statutory penalty, the provisions of Fed.R.Crim.P. 11(c)(1)(C), the factual stipulation, the guideline stipulations, the other terms of the plea agreement, and his waiver of the right to appeal the sentence. Petitioner stated that he had met with his attorney, who spoke Spanish, five or six times to discuss the plea agreement. He acknowledged that he had ample opportunity to consult with his counsel, who answered all of his questions, and that he was satisfied with the assistance he received. Moreover, Petitioner confirmed that, aside from the written plea agreement, no promises were made in exchange for his guilty plea, nor was the plea a result of any threat or inducement. Based on these sworn statements, the court concluded that Petitioner was entering into the plea knowingly, voluntarily, and intelligently, and that there was an adequate factual basis for the plea.

Petitioner does not specify the manner in which the court allegedly failed to comply with the requirements of Rule 11, and

---

[1] The presentence report also contained a statement of facts and was discussed at the outset of the sentencing hearing.

6

absent any credible evidence of his innocence, he is bound by the representations he made under oath and may not attack the veracity of those representations by way of a § 2255 motion. *See United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."); *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003) (conclusory assertions of innocence do not justify withdrawal of a guilty plea); *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy").

Indeed, the Fourth Circuit has rejected an attempt to attack a plea based on an alleged lack of intent under similar circumstances:

> In this case appellant stipulated to a lengthy and detailed set of facts. The trial court satisfied itself as to the factual basis for the plea, and assured itself that appellant understood the indictment against him. The court considered the education, intelligence and sophistication of the appellant, and determined that his plea was knowing and voluntary. Appellant's later claim that he did not have the requisite intent for money laundering is not

>     sufficient to set aside the plea. As we have
>     stated previously, statements of fact by a
>     defendant in Rule 11 proceedings may not
>     ordinarily be repudiated, and, similarly,
>     findings by a sentencing court in accepting
>     a plea constitute a formidable barrier to
>     attacking the plea.

*United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996) (internal quotation marks and brackets omitted).

In sum, Petitioner's sworn statements at the Rule 11 hearing belie his *post hoc*, conclusory allegations that there was an inadequate factual basis for his plea; that his plea was not knowing, voluntary, or intelligent; that the plea colloquy was insufficient; and, at least in part, that he received ineffective assistance of counsel.

### B.    Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are governed by the well-settled standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under the *Strickland* standard, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice.  *See Strickland*, 466 U.S. at 687.  To demonstrate actual prejudice, Petitioner must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.

In applying *Strickland*, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Id*. at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted from some performance deficiency. *See Strickland*, 466 U.S. at 697.

A petitioner who pleads guilty has an especially high burden in establishing ineffective assistance of counsel. As the Supreme Court recently explained, "[t]he plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases . . . where witnesses and evidence were not presented in the first place." *Premo v. Moore*, --- U.S. ----, 131 S.Ct. 733, 745-46 (2011). Thus, a petitioner alleging ineffective assistance in the context of a guilty plea must meet a "substantial burden . . . to avoid the plea[.]" *Id*. at 746.

That burden has not been met here. As noted, Petitioner acknowledged, under oath, his satisfaction with his counsel's

9

representation as part of the Rule 11 colloquy, and he has done nothing to refute those statements in the instant motion. While he suggests in conclusory fashion that additional investigation or consultation was needed, he has provided no detail of what such investigation would have revealed, nor does he explain how further consultation would have resulted in him resisting the plea and opting instead to proceed to trial. Because Petitioner has failed to demonstrate any unprofessional errors by his counsel or prejudice resulting therefrom, his ineffective assistance claims cannot prevail.

### C.  Additional Claims

What remains are Petitioner's claims that he was denied the right to appeal, that his sentence was procedurally and substantively improper, and that he was subjected to successive prosecutions in violation of the Double Jeopardy Clause.

Petitioner asserts that he was deprived of his right to appeal because his trial counsel failed to file a notice of appeal or consult with him about an appeal before or after the sentencing proceeding. In the plea agreement, however, Petitioner specifically waived the right to appeal if the court accepted and imposed the agreed-upon sentence. Once that happened, there was no requirement for counsel to discuss an appeal, absent Petitioner independently indicating a desire to appeal on non-frivolous grounds. *See Roe v. Flores-Ortega*, 528

U.S. 470, 480 (2000); *United States v. Cooper*, 617 F.3d 307, 309 (4th Cir. 2010) ("Because Cooper repeatedly expressed his desire to have the criminal proceeding concluded, received the best possible sentence he could have received under the agreement he entered into with the government, and had no nonfrivolous issues to appeal, we conclude that Cooper has not established . . . that [his counsel] was constitutionally ineffective for failing to consult with him about an appeal or that [he] was prejudiced"). Petitioner does not assert that indicated to his counsel that he desired an appeal, nor does he now suggest a non-frivolous ground for appeal.

In challenging the propriety of his sentence, Petitioner argues that the court did not give adequate consideration to the sentencing factors of 18 U.S.C. § 3553(a), and imposed a greater sentence than necessary, in excess of those received by his co-defendants. This ground is not cognizable in the context of a § 2255 motion, as it may only be raised on direct appeal. As noted, the plea agreement waived any right to challenge the sentence and no appeal was filed. Thus, review of this argument is foreclosed. *See United States v. Linder*, 552 F.3d 391, 396-97 (4th Cir. 2009) (on collateral review, petitioner "is precluded from raising claims that are the sort that could have been raised on appeal") (internal citation omitted; emphasis removed).

11

Finally, Petitioner contends that he was subjected to federal prosecution for the same crimes that were dismissed in state court. Unless apparent on the face of the indictment, however, his voluntary guilty plea precludes any collateral attack based on the Double Jeopardy Clause. *See United States v. Broce*, 488 U.S. 563, 576 (1989); *United States v. Brown*, 155 F.3d 431, 434 (4th Cir. 1998). Petitioner does not argue that the face of the indictment reveals that the federal prosecution is barred by an earlier dismissal of similar charges in state court, nor is it clear how prejudice could attach where the charges were dismissed. In any event, despite Petitioner's claim to the contrary, the dual sovereignty doctrine permits both federal and state prosecutions. *See United States v. Alvarado*, 440 F.3d 191, 196-99 (4th Cir. 2006).

**IV. Conclusion**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652,

659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it declines to issue a certificate of appealability.

A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge